CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JUN 2 6 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION No. 6:08CR00026-1 |
| v. | ORDER AND OPINION |
| RICHARD HENRY NICKELL | JUDGE NORMAN K. MOON |

This matter is before the Court upon consideration of Defendant's motion to withdraw his guilty plea (docket no. 56). For the following reasons, the motion is hereby DENIED.

I. BACKGROUND

On November 20, 2008, Defendant pleaded guilty to a two-count indictment charging him with possession of a firearm in violation of 18 U.S.C. § 922(g)(3) and possession of marijuana in violation of 21 U.S.C. § 844. There was no plea agreement in this case. A motion to suppress had been filed by counsel on Defendant's behalf, but Defendant entered the guilty plea, moving to dismiss the motion to suppress.[1] Sentencing was scheduled for April 28, 2009; on the morning of sentencing, Defendant filed a pro se motion to continue sentencing (docket no. 44), stating that "he was ineffectively represented by legal counsel" and that he desired to "withdraw his plea of guilty in this matter. . . ." The Court granted the motion to continue and permitted the withdrawal of Defendant's counsel, Defendant having asserted that counsel who

---

[1] At the plea hearing, Defendant's counsel explained that "what was in the [search] warrant . . . [was] enough to substantiate the search warrant. So we decided not to go further on that. And since these two simple elements have been proven, it was our decision to plead guilty."

-1-

represents Defendant on separate state criminal charges would represent him. On May 12, 2009, Defendant's new counsel entered his appearance, and a hearing was conducted. Counsel moved for a continuance so that he could peruse the record in this case, as Defendant desired him to file a motion to withdraw the guilty plea, and the motion was granted. Sentencing was continued until June 30, 2009, and remains set for that date.

On June 23, 2009, Defendant filed, by counsel, the instant motion to withdraw his guilty plea. In the motion, Defendant states that he provided his former counsel "with an immense amount of factual material regarding his defense, as well as a comprehensive list of witnesses to be subpoenaed." He states that "he had a few telephone conversations with [former counsel], and attempted to have him review certain evidence and interview witnesses for his defense" and that he requested former counsel "to file certain motions which were never filed. . . ." According to Defendant, former counsel "allegedly advised the defendant, one week before the trial date of November 20th, that he should plead guilty to both offenses," and that, although Defendant "had some mental reservation," Defendant "accepted [former counsel's] advise [sic]. . . ." Defendant maintains that "he made repeated requests to meet with [former counsel] but was never provided a meeting date until just prior to entering [his] guilty plea." Defendant adds that I questioned him "as to his rights, his understanding of the plea of guilty, and other questions including whether the defendant was satisfied with his counsel." According to Defendant, when he was asked whether he was satisfied with his counsel, he "allegedly hesitated, and turned to his attorney, who then allegedly instructed Mr. Nickell to answer in the affirmative." The entirety of Defendant's argument is that, "in hindsight," he "now feels that [former counsel] was ineffective in the investigation and preparation of Mr. Nickell's case and that Mr. Nickell and his counsel had basic irreconcilable differences of opinion and that counsel failed to provide Mr.

Nickell with competent legal advice."

## II. DISCUSSION

Rule 11(d)(2)[2] governs a defendant's ability to withdraw his guilty plea before sentencing. Rule 11 requires that the defendant show "a fair and just reason for requesting the withdrawal." *See* Fed. R. Crim. P. 11(d)(2). Although evidentiary hearings should be liberally granted prior to sentencing, *see United States v. Fountain*, 777 F.2d 351, 358 (7th Cir. 1985), a defendant does not "automatically get an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea," *see United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), and such a hearing should only be granted when the defendant has presented a fair and just reason for the withdrawal, *see Moore*, 931 F.2d at 248.

The issue, then, is whether Defendant has presented a fair and just reason for withdrawing his guilty plea. The Court should consider six factors in such an analysis:

(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary,
(2) whether the defendant has credibly asserted his legal innocence,
(3) whether there has been a delay between the entering of the plea and the filing of the motion,
(4) whether defendant has had close assistance of competent counsel,
(5) whether withdrawal will cause prejudice to the government, and
(6) whether it will inconvenience the court and waste judicial resources.

*Id.*

As to factor one, Defendant here has failed to produce any evidence that his plea was not knowing or voluntary. The Court engaged Defendant in a thorough colloquy at the hearing on November 20, 2008, and determined that, based upon Defendant's answers, Defendant's plea was knowing and voluntary. After the colloquy, Defendant was asked, "How do you plead to the

---

[2] Formerly Rules 32(d) and Rule 32(e).

-3-

charge now?" Defendant responded, "Guilty." Thereafter, the following text of the guilty plea form was read aloud to Defendant:

> In the presence of [former counsel], who has fully explained the charges contained in the indictment against me, and having received a copy of the indictment from the United States Attorney before being called upon to plead, I hereby plead guilty to said indictment and each count thereof. I have been advised of the maximum punishment which may be imposed by the Court for this offense. My plea of guilty is made knowingly and voluntarily and without threat of any kind or without promises other than those disclosed here in open court.

Defendant then signed the guilty plea form. There is nothing before the Court to indicate that Defendant's plea was anything but knowing and voluntary. This factor, then, clearly weighs in favor of not allowing Defendant to withdraw his plea.

Factor two — whether the defendant has credibly asserted his legal innocence — also weighs against granting Defendant's motion. Defendant has not stated that he is innocent of the crimes to which he pled guilty. In fact, after entering the plea, Defendant submitted a letter to me [received by U.S. Mail on February 25, 2009, and filed under seal at docket no. 40] wherein he clearly admitted that he "did possess marijuana in [his] home, and used it on occasion, and did so while owning firearms."

Factor three does not weigh in favor of Defendant: five months elapsed between the date Defendant entered his plea (November 20, 2008) and the date he filed the motion indicating that he wished to withdraw the guilty plea (April 28, 2009, the date upon which Defendant was to be sentenced). To me, this constitutes a substantial "delay between the entering of the plea and the filing of the motion" to withdraw the plea. *Moore*, 931 F.2d at 248.

It would appear that Defendant claims that the fourth factor (whether Defendant had close assistance of competent counsel) weighs in his favor. However, despite Defendant's complaints that his former counsel did not spend a great deal of time with him and did not

-4-

investigate matters to Defendant's satisfaction, Defendant has not made any showing that would allow me to infer that, but for former counsel's representation of him, he would not have pled guilty. When a motion to withdraw a guilty plea is based upon assertions of ineffective assistance of counsel, "a defendant must show 1) that his counsel's actions fell below an objectively reasonable standard, and 2) that but for the attorney's errors, it is reasonably probable that the defendant would have chosen to face trial rather than plead guilty." *U.S. v. Dyess*, 478 F.3d 224, 237-38 (4th Cir. 2007) (rejecting defendant's argument that his lawyer rendered ineffective assistance of counsel by allowing him to enter plea agreement which included possibility of life sentence) (citations omitted); *see also U.S. v. Ubakanma*, 215 F.3d 421, 425 (4th Cir. 2000) (applying *Moore* factors, no abuse of discretion in denial of motion to withdraw where defendant "asserted that he is innocent and pleaded guilty due to his attorney's intimidation and poor advice").

Here, all of Defendant's complaints about former counsel's representation of him relate to counsel's activities up to the time of the plea hearing; yet, at that plea hearing, Defendant affirmatively answered a number of questions indicating that he had been represented by competent counsel. Defendant affirmed that he had ample time to consult with his attorney; that counsel had discussed with him how the sentencing guidelines would apply in his case; and that counsel had "fully explained the charges contained in the indictment." Most importantly, when asked directly, "Are you fully satisfied with the counsel, representation, and advice given you in this case by your attorney?" Defendant answered, "Yes, sir." This factor, then, disfavors Defendant.

The final two factors — whether withdrawal will cause prejudice to the government and whether it will inconvenience the Court and waste judicial resources to allow Defendant to

-5-

withdraw his plea — are less important in this case because the other factors weigh so heavily in favor of not allowing Defendant to withdraw his plea.

### III. CONCLUSION

To allow Defendant to withdraw his guilty plea based on the reasons he has provided would not help to ensure that guilty pleas "are not simply tentative," especially given the careful procedure set forth in Rule 11 for accepting a guilty plea. *See United States v. McHan*, 920 F.2d 244, 246 (4th Cir. 1990). As the Fourth Circuit has stated, a "fair and just" reason for withdrawing a guilty plea is one that challenges the fairness of the Rule 11 proceeding or one that challenges the fulfillment of a promise or condition emanating from the proceeding. *See United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992). "If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." *Id.*; *see also United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995) (citing *Lambey*).

Because I find that, after considering the *Moore* factors, Defendant should not be able to withdraw his guilty plea, Defendant's motion must be and hereby is DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to the Defendant.

ENTERED: This 26th day of June, 2009.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE