CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

AUG 14 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD HENRY NICKELL | CRIMINAL ACTION No. 6:08CR00026-1<br><br>ORDER AND OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon consideration of Defendant's motion (docket no. 71) for continued release pending appeal. For the following reasons, the motion is hereby DENIED.

I.

On November 20, 2008, Defendant pleaded guilty to a two-count indictment charging him with possession of a firearm in violation of 18 U.S.C. § 922(g)(3) and possession of marijuana in violation of 21 U.S.C. § 844. There was no plea agreement in this case. Defendant was sentenced on June 30, 2009, and judgment was entered on July 7, 2009. I sentenced Defendant to a total term of two months as to each count, with the terms running concurrently, and a total term of three years of supervised release as to each count, with the terms likewise running concurrently. At sentencing on June 30, 2009, Defendant moved to suspend execution of sentence until after his trial in another matter in state court, which was set for August 24, 2009. I granted the motion to suspend execution of the sentence, and directed Defendant to self-report in 60 days, with all the terms of his existing bond to continue.

II.

The Bail Reform Act, codified at 18 U.S.C. §§ 3141-56, governs the issue of when a

defendant may be released pending judicial proceedings. Specifically, 18 U.S.C. § 3143(b) governs release pending appeal for a criminal defendant who has already been sentenced. The presumption under § 3143(b)(1) is that the defendant be detained. *See* § 3143(b)(1) (requiring that a defendant "who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" -- which is the case here -- "shall ... be detained"). A defendant must be released pending appeal, however, if the court finds all four of the following:

> (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ...";
> 
> (2) "that the appeal is not for the purpose of delay";
> 
> (3) "that the appeal ... raises a substantial question of law or fact"; and
> 
> (4) "that the appeal is ... likely to result in-
> 
>> (i) reversal,
>> 
>> (ii) an order for a new trial,
>> 
>> (iii) a sentence that does not include a term of imprisonment, or
>> 
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

*See id.*[*] Although § 3143(b)(1) allows "some releases pending appeal, it is obvious from the statute that such releases are to be the exception." *United States v. Hamrick*, 720 F. Supp. 66, 67 (W.D. N.C. 1989).

Defendant contends that his appeal "raises the important issue of ineffective assistance of

---

[*] A criminal defendant who has been found guilty of certain crimes is ineligible for release pending appeal, regardless of the § 3143(b)(1) factors; these crimes are not implicated here, however. *See* 18 U.S.C.A. § 3143(b)(2); *id.* § 3142(f)(1)(A)-(C).

counsel." However, Defendant has failed to meet his burden to show that his appeal may result in a reversal, a new trial, or a new sentence that would involve a lesser or no sentence of imprisonment. It appears that the only ground for the appeal is the alleged ineffective assistance of Defendant's former counsel. However, unless the record conclusively shows ineffective assistance of counsel, a claim based upon such allegations is generally improperly raised on direct appeal, but rather should be raised collaterally through a petition for habeas corpus pursuant to Title 28, United States Code, Section 2255. *See, e.g., United States v. Benton*, 523 F.3d 424, 435 (4th Cir.) (citation omitted), *cert. denied*, 129 S. Ct. 490 (2008); *United States v. Martinez*, 136 F.3d 972, 979 (4th Cir. 1998) (holding that a defendant could raise a claim of ineffective assistance of counsel in three ways: in a motion for a new trial based on anything other than newly discovered evidence; on direct appeal only if it conclusively appears from the record that counsel provided ineffective assistance; and in a collateral challenge pursuant to 28 U.S.C. § 2255). Given the record in this case, including Defendant's sworn statements at the guilty plea hearing affirming his desire to plead guilty and his satisfaction with former counsel, there is no evidence to conclusively demonstrate ineffective assistance of counsel. Accordingly, I find that that the appeal is not likely to result in a reversal, an order for a new trial, or a new sentence involving a lesser or no sentence of imprisonment.

### III.

Because I find that Defendant has failed to meet the standards for release pending appeal as set forth in 18 U.S.C. § 3143(b)(1), Defendant's motion (docket no. 71) must be and hereby is DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all

counsel of record and to the Defendant.

ENTERED: This 14th day of August, 2009.

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE